UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LINDA K.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C19-5072-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by crediting certain evidence that predates her alleged disability onset. (Dkt. # 13 at 1.) Plaintiff also contends that evidence submitted for the first time to the Appeals Council undermines the ALJ's decision. (*Id*.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II. BACKGROUND

Plaintiff was born in 1964, has a tenth-grade education, and has worked as a stitcher, woodworker, waiter/cook, and caregiver. AR at 208, 311, 309. Plaintiff was last gainfully employed in July 2015. *Id*. at 209.

ORDER - 1

In September 2015, Plaintiff applied for benefits, alleging disability as of July 8, 2015. AR at 285-89. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id*. at 255-57, 259-63. After the ALJ conducted a hearing on October 5, 2017 (*id*. at 199-229), the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 184-94.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since July 8, 2015, the alleged onset date.

Step two: Plaintiff's degenerative disc disease of the lumbar and cervical spine, sacroiliitis, and status post tenosynovectomy bilaterally for diagnoses of tenosynovitis are severe impairments.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity: Plaintiff can perform light work with additional limitations: she can occasionally climb ramps and stairs, but cannot climb ropes, ladders, or scaffolds. She can occasionally stoop and crouch, but can never crawl. She can frequently but not constantly handle bilaterally. She can occasionally reach overhead bilaterally.

Step four: Plaintiff can perform past relevant work as a deli preparer/food sales clerk.

Step five: In the alternative, there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform. Therefore, Plaintiff is not disabled.

AR at 184-94.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-7. Plaintiff appealed the final decision of the Commissioner to this Court.

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. Any Error in the ALJ's Crediting Pre-Onset Evidence is Harmless

Plaintiff argues that the ALJ erred in crediting certain medical evidence that predates the alleged disability onset. Specifically, Plaintiff argues that even though her treating providers suggested that she had no workplace limitations months before her alleged onset date (AR at 435, 506), those comments were irrelevant to whether she was disabled on her alleged onset date.

(Dkt. # 13 at 8.) Plaintiff argues that the ALJ's error was harmful "because the ALJ would have otherwise included greater limitations in [her] [RFC] assessment, such as occasional handling with the right upper extremity, or a sedentary exertional limitation." (Dkt. # 13 at 9.) But there is no apparent connection between those alleged limitations and the treatment notes credited by the ALJ: the ALJ did not cite those treatment notes as a reason to discount a handling or exertional limitation. AR at 191. The ALJ thoroughly discussed evidence related to the adjudicated period in assessing Plaintiff's RFC. *Id.* at 190-92. Reading the ALJ's decision and the record as a whole, the Court is confident that the treatment notes in dispute were inconsequential to the ALJ's ultimate nondisability determination and therefore any error in crediting them is harmless. *See Molina*, 674 F.3d at 1115 (an ALJ's error may be deemed harmless where it is "'inconsequential to the ultimate nondisability determination'"; the court looks to "the record as a whole to determine whether the error alters the outcome of the case" (cited sources omitted)).

### B. The Appeals Council Evidence Does Not Show Plaintiff to be More Limited Than Found by the ALJ

After the ALJ's decision had been entered, Plaintiff submitted new treatment notes to the Appeals Council, spanning from a couple of months before the ALJ's decision to months afterward.[3] AR at 16-180. In her briefing, Plaintiff focuses on the Appeals Council evidence that pre-dates the ALJ's decision in this case, contending that it shows Plaintiff was more limited than found by the ALJ. (Dkt. # 13 at 5-6.) Specifically, Plaintiff cites treatment notes from

---

[3] Plaintiff also filed a subsequent application for benefits, which was granted effective the day after the ALJ's decision in this case. (Dkt. # 13, Attachs. 1 & 2.) There is no evidence in the record regarding the evidence submitted with the subsequent application, and Plaintiff has not argued that this subsequent favorable decision warrants a remand. Plaintiff's failure to even allude to *Luna v. Astrue*, 623 F.3d 1032 (9th Cir. 2010), is curious under these circumstances. The Commissioner noted Plaintiff's failure to make any legal argument related to the subsequent favorable decision (dkt. # 15 at 2 n.1), and Plaintiff did not address this issue in the Reply. In the absence of any argument regarding the impact of the subsequent favorable decision, the Court will not manufacture such an argument on Plaintiff's behalf. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

September and November 2017 and suggests that those notes "support[] a limitation to occasional handling with the right, dominant upper extremity, and a sedentary exertional limitation." (Dkt. # 13 at 6.) Because this evidence was incorporated into the record by the Appeals Council, the Court must review it when considering whether the ALJ's decision is supported by substantial evidence. *See Brewes v. Comm'r of Social Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence.").

Plaintiff has not shown that the Appeals Council evidence undermines the ALJ's disability determination in this case. Neither of the treatment notes cited by Plaintiff explicitly mention such limitations that Plaintiff posits. *See* AR at 142-45, 165-67. One note does record Plaintiff's subjective reports of chronic back pain, but also indicates that Plaintiff had not tried all of the recommended treatment for those conditions. *Id*. at 142-45. Plaintiff agreed to try the recommended treatment, which was performed after the ALJ's decision had been entered and led to significant relief. *See id*. at 59, 61-62.

The other note documents Plaintiff's complaint of wrist pain in November 2017, for the past 1.5 months. AR at 165-67. The ALJ discussed earlier evidence related to Plaintiff's wrist conditions, which showed that Plaintiff's surgeries and follow-up treatment in 2014 and 2015 left her with "very mild" pain and normal musculoskeletal range of motion. *Id*. at 190. The short-term flare documented in November 2017 (*id*. at 162-67), even though it resulted in a new diagnosis of de Quervain's tenosynovitis at that time, cannot meet the 12-month duration requirement in the Social Security Act, because the ALJ's decision was entered in January 2018.

*See* 42 U.S.C. § 423 (d)(1)(A) (disability means "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months"); 20 C.F.R. §§ 404.1505, 1509 (to meet definition of disability, claimant must have a severe impairment preventing work; impairment must have lasted or be expected to last at least twelve months). The Appeals Council evidence shows that Plaintiff received treatment for de Quervain's tenosynovitis in November 2017, but there are no subsequent treatment notes indicating that this treatment was ineffective or that Plaintiff continued to experience lasting, limiting pain that rendered her more limited than found by the ALJ. In the absence of longitudinal evidence regarding Plaintiff's de Quervain's tenosynovitis, this evidence does not undermine the ALJ's decision.

For these reasons, the Appeals Council evidence does not establish that Plaintiff was more limited during the adjudicated period than found by the ALJ, and thereby does not undermine the ALJ's decision or otherwise warrant a remand.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 24th day of June, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 6